# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9220 | **DATE** | 6/2/2004 |
| **CASE TITLE** | Bilal vs. Rotec Industries, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/16/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Rotec's motion (Doc 11-1) to dismiss Count II of the Amended Complaint is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 18 |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 2004 JUN -2 PM 3:31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAPHNE BILAL,)
)
Plaintiff,)
)
vs.) 03 C 9220
)
ROTEC INDUSTRIES, INC., a Delaware)
corporation; and ROBERT OURY, individually,)
)
Defendants.)

DOCKETED
JUN 0 3 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Rotec Industries, Inc. ("Rotec") to dismiss Count II of Plaintiff Daphne Bilal's amended complaint pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, we grant the motion.

## BACKGROUND

According to the allegations of the amended complaint, which we must assume are true for purposes of this motion, Bilal is a former receptionist for Rotec. Shortly after Bilal started at Rotec, Robert Oury, chief executive officer of Rotec, began making sexual comments about and sexual advances toward her. He made repeated

invitations to Bilal to have dinner with him, all of which she declined. Bilal told Oury on more than one occasion that his comments made her uncomfortable and that he should refrain from making them.

Later, Oury allegedly told Bilal that if she had sex with him, he would make her job at Rotec better. Bilal refused and threatened to report him to the Equal Employment Opportunity Commission ("EEOC"). According to the complaint, Oury grew angry with Bilal, called her "a useless tease," and said that he knew what to do with a tease. Thereafter, Oury refused to address Bilal's complaints about not receiving help answering phones at lunchtime or when she needed to use the restroom. Bilal was forced to use a time clock, even though she was a salaried employee. Oury also began to make disparaging comments about Bilal's professional ability.

In October 2002, Oury began touching Bilal in sexually suggestive ways, as well as continuing his sexually related remarks. On one occasion, he placed a piece of chocolate from his mouth into Bilal's mouth and licked his lips. Bilal alleges that Oury also told her that he wished she would quit so that he could "have" her and "no one would have anything to say about it." On or about October 30, 2002, Bilal reported to Oury that her supervisor had thrown a newspaper at Bilal. The supervisor denied doing so, and Oury fired Bilal.

On March 12, 2003, Bilal filed a charge of discrimination with the EEOC complaining of sex discrimination. On September 24, 2003, EEOC issued Bilal a letter informing her of her right to sue. She filed the instant action on December 22, 2003, within 90 days of receiving her right to sue letter. In March 2004, she filed an amended, five-count complaint, alleging sex discrimination, retaliation, battery, assault, and intentional infliction of emotional distress. Rotec now moves to dismiss the retaliation count.

## LEGAL STANDARDS

A rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorably to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim

is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in a claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Kyle, 144 F.3d at 455. Further, the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67.

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). Plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party

moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446, (1942). With these principles in mind, we turn to the motion before us.

## DISCUSSION

Generally, a plaintiff may not bring claims under Title VII that were not originally brought among the charges before the EEOC. See Peters v. Renaissance Hotel Operating Company, 307 F.3d 535, 550 (7th Cir. 2002). This requirement ensures that charged parties are aware of the discrimination alleged and gives the EEOC an opportunity to investigate. Babrocky v. Jewel Food Co., 773 F.2d 857, 863 (7th Cir. 1985). In analyzing whether allegations within a complaint were among the charges brought before the EEOC, a court must look to the substance of the charges, not merely whether a particular box was checked on the EEOC form. See Jenkins v. Blue Cross Mutual Hospital Insurance Inc., 538 F.2d 164, 168 (7th Cir. 1976). Accordingly, plaintiffs can proceed on a claim not explicitly set forth in a charge of discrimination if the claim is "like or reasonably related" to the EEOC charges, and could be expected to grow out of the EEOC's investigation. Peters, 307 F.3d at 550. Claims are not to be considered alike or reasonably related unless there is a factual relationship between them. Id. That is, the complaint must at least "describe the same conduct and implicate the same individuals." Id.

On her EEOC form, Bilal checked the box indicating that her charge was based on sex discrimination; she did not make a corresponding indication in the area for retaliation. She then described her experience at Rotec in the following terms:

> I am a former employee of Rotec Industries, Inc. and a woman. I worked in the Elmhurst, Illinois office. I have been subjected to unwanted touches and sexual comments by the owner and CEO of Rotec.
>
> Since August, 2001, on a continuous basis until my termination on October 30, 2002, I have been harassed, and subjected to a hostile work environment on account of my sex. I have been treated differently than non-woman employees.
>
> The actions of Rotec violate my rights under Title VII of the Civil Rights Act.

As described above, Bilal's complaint reiterates the allegations of sex discrimination found in her EEOC charge. She details unwanted sexual advances and touching. Specifically, she claims that after complaining to Rotec's CEO about his sexual comments and advances, she was verbally abused, offered little administrative support, and eventually terminated.

Without question, Bilal's EEOC charge and her complaint both implicate the same individual—Robert Oury. However, there is no trace in the EEOC charge of the retaliatory conduct that she cites in her complaint, no hint of any grievances lodged with her employer or any agency that could be reasonably inferred to be statutorily protected activity, and no inference of causation to be made from the charges lodged

with the EEOC. See Stone v. City of Indianapolis Pub. Util., 281 F.3d 640, 642 (7th Cir. 2002). The only statement that even arguably applies to her retaliation claim is the mention of her termination in the second paragraph of the charge. However, as termination can occur for innumerable reasons, many (if not most) of which are not illegal, this mention alone is insufficient to put Rotec or the EEOC on notice that Bilal claimed retaliation as well as sex discrimination. See Heuer v. Weil-McLain, 203 F.3d 1021, 1022-23 (7th Cir. 2000).

Contrary to Bilal's assertions, this case does not resemble Mendenhall v. Mueller Streamline Co., 2003 WL 187405 (N.D. Ill. Jan. 28, 2003), in which a retaliation claim was permitted even though the plaintiff failed to check the box marked "Retaliation" on his original EEOC charge. Id. at *3. In Mendenhall, the plaintiff's charge discussed how he was subject to "racially derogatory actions," informed his supervisors of those actions, and was "subsequently suspended and eventually terminated." Id. In light of these contentions, we concluded that the employer and the EEOC were apprised that the plaintiff's charge encompassed a claim for retaliation.

Here, Bilal's failure to check the "Retaliation" box is not the sole deficiency of the charge with respect to her ability to bring a retaliation in this court; rather, the charge is devoid of any indication of a contention of retaliation. The charge and the complaint do not describe the same conduct. Thus, we cannot conclude that one is like

or reasonably related to the other, as required by <u>Jenkins</u> for the retaliation count to be cognizable in a Title VII suit.

## CONCLUSION

For the foregoing reasons, Rotec's motion to dismiss Count II of the Amended Complaint is granted.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: JUN - 2 2004