# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 9220 | **DATE** | 8/4/2004 |
| **CASE TITLE** | Bilal vs. Rotec Industries, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 8/12/2004 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Oury's motion (Doc 19-1) to dismiss Counts III-IV of the amended complaint is denied in its entirety. Ruling set for August 12, 2004 is stricken. However, counsel are to appear for status on August 12, 2004 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 8/4/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SCT | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 2004 AUG -4 PM 3: 23 FILED | SCT | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
AUG 0 5 2004

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DAPHNE BILAL,                              )
                                           )
                    Plaintiff,             )
                                           )
        vs.                                )        03 C 9220
                                           )
ROTEC INDUSTRIES, INC., a Delaware         )
corporation; and ROBERT OURY, individually, )
                                           )
                    Defendants.            )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendant Robert Oury to dismiss Counts III-V of the amended complaint. For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the allegations of the amended complaint, which we must assume are true for purposes of this motion, Plaintiff Daphne Bilal is a former receptionist for Rotec. Shortly after Bilal started at Rotec, Oury, chief executive officer of Rotec, began making sexual comments about and sexual advances toward her. He made repeated invitations to Bilal to have dinner with him, all of which she declined. Bilal

told Oury on more than one occasion that his comments made her uncomfortable and that he should refrain from making them.

Later, Oury allegedly told Bilal that if she had sex with him, he would make her job at Rotec better. She refused and threatened to report him to the Equal Employment Opportunity Commission ("EEOC"). According to the complaint, Oury grew angry with Bilal, called her "a useless tease," and said that he knew what to do with a tease. Thereafter, he refused to address Bilal's complaints about not receiving help answering phones at lunchtime or when she needed to use the restroom. She was required to use a time clock, even though she was a salaried employee. Oury also began to make disparaging comments about her professional ability.

In October 2002, Oury began touching Bilal in sexually suggestive ways, as well as continuing to make sexually charged remarks. On one occasion, he placed a piece of chocolate from his mouth into Bilal's and licked his lips. Bilal alleges that Oury also told her that he wished she would quit so that he could "have" her and "no one would have anything to say about it." On or about October 30, 2002, Bilal reported to Oury that her supervisor had thrown a newspaper at Bilal. The supervisor denied doing so, and Oury fired Bilal.

On March 12, 2003, Bilal filed a charge of discrimination with the EEOC complaining of sex discrimination. On September 24, the agency issued Bilal a letter

informing her of her right to sue. She filed the instant action on December 22, 2003, within 90 days of receiving her right to sue letter. In March 2004, she filed an amended, five-count complaint, alleging sex discrimination, retaliation, battery, assault, and intentional infliction of emotional distress. Two days after the amended complaint was filed, Rotec filed its answer as well as a motion to dismiss Count II, which was granted on June 2.

At the time of the initial motion to dismiss, Oury had not been served. During the pendency of the briefing on that motion, Bilal effected personal service on Oury through her attorney. Approximately three weeks later, Oury moved to dismiss the three counts naming him as a defendant pursuant to Fed. R. Civ. Proc. 12(b)(1), (2), (4), (5), and (6).

## DISCUSSION

Two points deserve attention before we address the heart of Oury's motion. First, the motion makes reference to the filing of the amended complaint without leave of court in such a way as to imply that its submission was improper. This is incorrect. Fed. R. Civ. Proc. 15(a) provides that a plaintiff may amend once as a matter of course before the defendant has filed a responsive pleading. The docket reflects that no answer or motion responsive to the original complaint had been filed at the time the

amended complaint was submitted. In such a circumstance, there was no need to for Bilal to request this court's permission to amend her complaint.

Second, we note that Oury was given until July 19 to file a reply to Bilal's response. He failed to do so. Consequently, the issues discussed herein are framed solely by Oury's motion, his memorandum in support, and Bilal's response.

Having addressed these preliminary matters, we turn our attention to the substance of Oury's motion.

## A. Rule 12(b)(1) Motion to Dismiss

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dept. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446, (1942).

Oury's 12(b)(1) challenge to Counts III-IV claims that the complaint does not properly allege a jurisdictional basis for their inclusion in a federal suit. The three counts, for common law battery, assault, and intentional infliction of emotional

distress, do not present a federal question, so there is no jurisdiction under 28 U.S.C. § 1331. Bilal and Oury are both citizens of Illinois, so neither will jurisdiction arise out of 28 U.S.C. § 1332. However, the allegations of the challenged counts make apparent that they originate in the same nucleus of operative facts as the federally based Count I. Moreover, they are of the kind that Bilal would be expected to bring them in a single judicial proceeding. Thus, Bilal has carried her burden of showing that these claims could support an exercise of supplemental jurisdiction. See 28 U.S.C. § 1367; United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138 (1966). Although Oury is correct that the complaint does not specifically refer to 28 U.S.C. § 1367, Rule 8(a)(1) does not require formalistic statutory invocations. See Rohler v. TRW, Inc., 576 F.2d 1260, 1264 (7th Cir. 1978). Of course, a more optimal pleading would include such a reference, but its omission is not fatal to the pleading's vitality. See id.

There is an additional consideration on the issue of jurisdiction that the parties have not addressed that warrants our attention at this time. Federal courts cannot exercise supplemental jurisdiction over a state-law claim that courts of the state cannot themselves recognize. See Al-Dabbagh v. Greenpeace, Inc., 873 F. Supp. 1105, 1114-15 (N.D. Ill. 1994).

In Illinois, when a common-law tort claim is inextricably linked to a civil rights violation, it is preempted by the Illinois Human Rights Act ("IHRA"). See Geise v. Phoenix Co. of Chicago, Inc., 639 N.E.2d 1273, 1277 (Ill. 1994). In a later case, the Illinois Supreme Court clarified the holding of Geise, explaining that a tort is not "inextricably linked" to a corresponding civil rights violation if the facts alleged would create a cause of action that exists separate and apart from a civil rights violation as defined by the IHRA. See Maksimovic v. Tsogalis, 687 N.E.2d 21, 24 (Ill. 1997).

We see no functional difference between the allegations contained in the complaint and those that were found to be independent of the IHRA in Maksimovic. See Maksimovic, 687 N.E.2d at 22; see also, e.g., Barnard v. City of Chicago Heights, 692 N.E.2d 733, 738 (Ill. App. Ct. 1998) (applying Maksimovic to a claim for intentional infliction of emotional distress).[1] Whether Bilal may ultimately be unable to prove that Oury violated a legal duty imposed upon him by a source extricable from the IHRA is of no moment; at this point, the allegations of the complaint state a

---

[1] While we recognize that the Seventh Circuit has held that Maksimovic does not apply when the factual underpinnings of the state-law claim and the civil rights claim are identical, see Quantock v. Shared Marketing Servs., Inc., 312 F.3d 899, 905 (7th Cir. 2002), the decision of the state's highest court clearly controls on an issue of state law. See, e.g., R.A.V. v. City of St. Paul, 505 U.S. 377, 381, 112 S. Ct. 2538, 2542 (1992); Heidelberg v. Illinois Prisoner Review Bd., 163 F.3d 1025, 1027 (7th Cir. 1998); Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1302 (7th Cir. 1995).

cognizable claim. Accordingly, there is no current bar to our exercise of supplemental jurisdiction over Bilal's state law claims, and the 12(b)(1) motion to dismiss is denied.

## B. Rule 12(b)(2) and 12(b)(5) Motions to Dismiss

Oury next contends that he was never served with a summons in this case, making Bilal's service of process deficient and preventing us from obtaining personal jurisdiction over him for the causes of action listed in the complaint. See Fed. R. Civ. Proc. 12(b)(2), (5). A Rule 12(b)(5) motion to dismiss tests the sufficiency of service of process. When a defendant challenges the sufficiency of service of process, the plaintiff must make a prima facie showing of proper service, which allows the court to assert personal jurisdiction over the defendant. See Trotter v. Oppenheimer & Co., Inc., 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997). The requirements for proper service on individuals are established in Rule 4(e).

The docket for this case includes a signed return of service for Oury indicating that personal service was effectuated on Oury on May 21, 2004. It is signed by Bilal's attorney, who filed an affidavit to the same effect in conjunction with Bilal's response to the instant motion. "A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993).

As stated, Oury's sole contention is that he never received a copy of the summons that appears on the docket. Such an allegation, even if it were contained in an affidavit (which it is not), is insufficient to counter the "strong and convincing evidence" presented by the signed return of service Bilal filed with this court. See Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc., 126 F.R.D. 48, 52 (N.D. Ill. 1989).

Plaintiff's counsel is a proper party to effect service under Fed. R. Civ. Proc. 4(c)(2). See id. According to the return of service, counsel personally served Oury with the summons and complaint. This comports with the dictates of Rule 4. In sum, Bilal has provided competent proof of proper service, which Oury has failed to effectively rebut. Thus, there is no basis for dismissal under Rule 12(b)(5), and our exercise of personal jurisdiction over Oury is proper.

## C. Rule 12(b)(4) Motion to Dismiss

Oury also cryptically alludes to Rule 12(b)(4). In contrast to Rule 12(b)(5), Rule 12(b)(4) is concerned with the form of the summons as dictated by Rule 4(a) and 4(b). See 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1353. Deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant, failing to specify the number of days allotted for defendant to answer, and failure to obtain a court seal or signature. See O'Brien, 998 F.2d at 1400.

-8-

A motion challenging sufficiency of process under this rule must point out specific instances where the plaintiff has failed to comply with the requirements of Rule 4. See id. Oury has not pointed out any facial problems with the summons filed with the court, and, as explained above, he has not provided sufficient indication that he was served with a summons whose content differed from the filed copy. As such, a Rule 12(b)(4) dismissal is not warranted.

## D. Rule 12(b)(6) Motion to Dismiss

Lastly, Oury contends that Count V, a state law action for intentional infliction of emotional distress ("IIED"), fails to state a claim upon which relief can be granted and therefore must be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6). A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorably to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed under this rule unless it is patently clear that the plaintiff cannot prove any set of facts in support of the claim that could entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46

(1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999).

In Illinois, a claim for IIED is comprised of three elements. First, a plaintiff must allege that a defendant engaged in conduct that is truly extreme and outrageous. See McGrath v. Fahey, 533 N.E.2d 806, 809 (Ill. 1988). Second, the defendant must either intend to cause the plaintiff severe emotional distress or know that there is a high probability that the conduct will cause such distress. See id. Third, the conduct must actually cause severe emotional distress. See id. Oury argues that Bilal's allegations fall short on the first element: outrageousness.

IIED claims that allege conduct that is clearly not beyond the bounds of civilized behavior can be disposed of simply on the pleadings. However, we do not presently share Oury's view that the actions alleged within the complaint are so obviously tame that we can pronounce them not outrageous as a matter of law at this early stage of the proceedings. The motion to dismiss Count V is correspondingly denied.

## CONCLUSION

Based on the foregoing analysis, Oury's motion to dismiss Counts III-IV of the

amended complaint is denied in its entirety.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG - 4 2004