UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAPHNE BILAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 03 C 9220 |
| ) | |
| ROTEC INDUSTRIES, INC., a Delaware ) | |
| corporation; and ROBERT OURY, Individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Rotec Industries and Robert Oury for relief from our order of August 29, 2005, denying their request to reopen discovery. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

This dispute arises out of a long and hard-fought case of alleged sexual harassment employment discrimination. The complaint was originally filed in December 2003. The parties engaged in extensive motion practice over the next eight

months. On August 12, 2004, with the case finally at issue, we set a discovery deadline and status date of December 13, four months later.

At a December status hearing, which coincided with the close of discovery, Defendants' former counsel was replaced by their current counsel. He requested and received a status date two months later, and discovery continued despite the passage of the first deadline. In January, Defendants propounded interrogatories. At the February status, counsel requested and received an extension of the discovery cut-off to March 10, 2005. When March 10 came, Defendants requested yet another extension until May 10. We allowed this request but informed the parties that this extension would be the last. Bilal v. Rotec Industries, No. 03-9220 (N.D. Ill. Mar. 10, 2005) (order extending discovery cut-off date).

Toward the end of March, Defendants moved to compel with respect to the interrogatories propounded in January, arguing in part that Bilal's answers were not sufficiently detailed to be responsive to the questions asked. The motion was denied with respect to this aspect; we advised Defendants that they could pursue the additional detail from Bilal at her deposition. Because of various scheduling conflicts, Defendants did not depose Bilal until June 28, nearly two months after the final discovery deadline of May 10, 2005.

During Bilal's deposition, Defendants questioned her about persons with whom she spoke about the emotional damages she claimed resulted from her work situation. Bilal identified Anqunette Pate, Dorothy Ewing, Edna Ewing, and Lizette Buckley. She also informed Defendants that she spoke with her father, Rafeeq Bilal, about her situation shortly after the alleged harassment began. Lastly, Bilal discussed a second job at Washington Mutual Bank that she held both during and after her employment with Rotec. She stated that she was supervised at that job by a woman named Mary Bertrand.

Shortly after Bilal's deposition, Defendants moved to reopen discovery to allow them to depose the six individuals named above. On August 29, we denied the motion, finding that Defendants had not supplied a sufficient basis to allow these depositions to go forth, particularly in light of the substantial amount of time that had passed. Defendants now claim that our ruling was the result of a "material error" on our part and that a "grossly unfair result" has occurred. In light of their assessment, they request that we reconsider our prior decision.

## DISCUSSION

As Defendants correctly note in their motion, requests for reconsideration are disfavored because they undermine the finality of judgments rendered, require duplicative effort on the part of the court and the litigants, and primarily consist of a

rehash of arguments previously presented. Certainly, Defendants do not place any information before the court to which it did not have access when the initial motion was presented. Neither have they offered any refutation of the primary basis of our decision, namely that Defendants had argued their request under the standard reserved for requests made before discovery has closed. Rather, their new submission zeroes in on our observation that it was unrealistic for Defendants to take Bilal's deposition after the time allotted for discovery had expired yet expect to be allowed to pursue information from other sources based on her testimony, particularly after they had been explicitly told that discovery would not be further extended. Defendants' counsel apparently took this statement to mean that, in our opinion, the late deposition was the result of counsel ignoring its obligations to proceed with dispatch. The new motion asserts that the late date of the deposition happened through no lack of diligence on counsel's part.

We do not now, nor did we in our prior order, intend to level the accusation that counsel perceives. It is no secret that this case has had more than its share of animosity and lack of cooperation between the parties, and we sympathize with counsel's predicament at entering the case late in the game and making the best of a bad situation. However, regardless of the time at which current counsel arrived, his clients have been present for the entire life of the case and were jointly responsible with their

opponents for the delay in proceeding under the deadlines we imposed. A party is not excused from its obligation to comply with court orders about discovery or any other matter by a change in attorneys. Furthermore, any prejudice that would attach from the inability to obtain additional discovery attaches to Defendants, not their counsel. Thus, while counsel may have interpreted our order in a way that he felt was unfair to him, it was eminently fair to the parties at whom it was actually directed.

That being said, we do have broad discretion in matters pertaining to discovery. See Packman v. Chicago Tribune Co., 267 F.3d 628, 646-47 (7th Cir. 2001). Though we neither condone nor encourage parties to file motions to reconsider discovery rulings, the assessment we performed of Defendants' current request has convinced us that one aspect of our prior ruling should be amended. An adequate explanation of the reason behind this decision requires a look at why the remainder of the decision will stand.

As stated earlier, Defendants seek to depose six persons they contend were first identified during Bilal's deposition as having information germane to the issues at hand. With respect to Anqunette Pate, this argument is clearly unmeritorious. In her answers to Defendants' interrogatories #1 and #21, which Defendants concede they received in early March 2005, Bilal identified Pate by name as a person who had information about the matters in the suit, including the emotional distress damages

Bilal claims to have suffered. Thus, Defendants' contention that they could not speak with Pate before they deposed Bilal is simply untrue, and it therefore cannot provide a sufficient reason to allow a late deposition.

With respect to Dorothy Ewing, Edna Ewing, and Lizette Buckley, we take at face value Defendants' statement that they first heard of these women at Bilal's deposition. It is clear that they were not identified in response to interrogatory #21, which requested that Bilal identify "all persons from whom [she] sought relief for any . . . emotional distress." If Bilal wished to call these women as witnesses at trial or rely upon evidence they could provide, she had an obligation to disclose them either under Fed. R. Civ. Proc. 26(a)(1)(A) or as a seasonable amendment to her prior interrogatory responses under Fed. R. Civ. Proc. 26(e)(2). Her failure to do so prevented Defendants from being able to question these individuals during the discovery period, rendering the failure harmful to Defendants if we allowed Bilal to present evidence from these parties. Pursuant to Fed. R. Civ. Proc. 37(c)(1), Bilal will not be permitted to introduce evidence from any of these three individuals in support of her claim.

That brings us to Rafeeq Bilal, Bilal's father. Defendants claim that his deposition is necessary to establish Bilal's state of mind at the time of the alleged harassment. Based on the statements that Bilal gave at her deposition, if she intended to offer evidence from her father about the statements she made to him (which would

present issues of hearsay), she should have identified him as a person having knowledge in response to at least interrogatories #7, #8, and #15. Because she did not, she will not be permitted to elicit testimony from her father in support of her claims under Rule 37(c)(1) either. Consequently, there is no need for Defendants to obtain testimony from any of these four individuals.

Finally, then, we turn to Mary Bertrand. With regard to this putative witness, we agree with Defendants' assertion that unfairness would result from their inability to depose her. From all that we are able to glean from the materials the parties have submitted, Bilal's deposition was the first time that Bilal had supplied any information about her concurrent employment at Rotec and Washington Mutual to Defendants, and her continued work for them after being fired from Rotec is not something that Defendants could have been expected to know. Thus, we will reopen discovery for one purpose: to allow Defendants to depose Bertrand or some other employee of Washington Mutual who has knowledge of Bilal's employment there. This deposition must be completed by November 15, 2005. Absolutely no other discovery will be allowed, and no extensions will be granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to reconsider is granted in part and denied in part. The remaining discovery referenced within the court's opinion must be completed by November 15, 2005.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: October 7, 2005