UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAPHNE BILAL,            )
                         )
            Plaintiff,   )
                         )
      vs.                )   03 C 9220
                         )
ROTEC INDUSTRIES, INC., and ROBERT )
OURY,                    )
                         )
            Defendants.  )

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Rotec Industries and Robert Oury for summary judgment in their favor on the entirety of Plaintiff Daphne Bilal's complaint. For the reasons set forth below, the motion is granted as to Count I and we decline to exercise supplemental jurisdiction over the remaining state law claims.

**BACKGROUND**

Bilal is a former employee of Rotec, a company for whom Oury is chief executive officer. She worked as a full-time receptionist from August 31, 2001, until October 30, 2002. According to Bilal, Oury sexually harassed her throughout her tenure at Rotec. The statements of fact filed in connection with the instant motion

elaborate that the following incidents occurred during this time.[1] Oury invited Bilal to watch the Chicago marathon; he called her a fox; he told her that her job would be easier if she had sex with him; he once took a piece of chocolate from his mouth and put it in hers; and he told her that he wished she would quit her job so that he could "have" her and no one would be able to say anything.[2] These occurrences did not affect Bilal's ability to do her job and she testified that, at the time that she was fired, she did not want to lose her job at Rotec, though she states that she experienced some trepidation about being around Oury.

In late October 2002, Bilal had a run-in with Chesterine Lombardo, her immediate supervisor. Bilal accused Lombardo of throwing a newspaper at her, which

---

[1] Although the complaint alleges additional occurrences, those listed here are the only ones even arguably identified with particularity and properly supported in the statements of fact. As a result, they are the only facts that will be considered. See, e.g., Ammons v. Aramark Uniform Services, Inc., 368 F.3d 809, 818 (7th Cir. 2004).

[2] Oury's response to this statement appears to be an attempt at a dispute that it occurred. He contends that Bilal has offered no evidence that the statement was made, ignoring the fact that her testimony is evidence. He also states that she testified that Oury's sexual behavior stopped in December 2001, but the evidence clearly indicates that what Bilal said was that Oury never asked her to have sex with him after December 2001. She did not state that all sexual behavior of any nature ceased at that time. Thus, what he actually takes issue with is her credibility, but that is insufficient to properly dispute a fact under Local Rule 56.1. Thus, this statement is deemed admitted by operation of the rule. See, e.g., FTC v. Bay Area Business Council, Inc., 423 F.3d 627, 633 (7th Cir. 2005).

Lombardo denied. In a meeting involving Bilal, Lombardo, and Oury, Bilal and Lombardo had words, and Oury fired Bilal on grounds of insubordination.

Bilal filed a five-count complaint, alleging unlawful discrimination and retaliation against Rotec as well as battery, assault, and intentional infliction of emotional distress against Oury. On June 3, 2004, we dismissed the retaliation count, and Rotec and Oury now move for summary judgment on the remaining four counts.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d

969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

## DISCUSSION

**I. Count I: Sex Discrimination in Violation of Title VII**

Title VII forbids employers from taking adverse employment actions against their employees because of a characteristic such as race or sex. 42 U.S.C. § 2000e-2(a)(1). A plaintiff seeking to establish liability for employment discrimination under Title VII can proceed either via the direct method of proof or the indirect method. See Koszola v. Bd. of Educ. of City of Chicago, 385 F.3d 1104, 1107 (7th Cir. 2004).

Bilal has offered two potential adverse employment actions as a basis for her discrimination claims. The first is that Oury's advances adversely affected the terms and conditions of her employment in that they constituted a hostile work environment to which she was subjected on the basis of her sex. The second is the eventual termination of her employment. We examine each action in turn.

*A. Hostile Work Environment*

To properly establish that she was subjected to a hostile work environment, Bilal must demonstrate that she was the object of unwelcome verbal or physical conduct of

a sexual nature, that the conduct was severe or pervasive enough to significantly alter the terms and conditions of her employment, that it was directed at her because of her sex, and that there is a basis to hold Rotec liable for Oury's conduct. See, e.g., Harris v. Forklift Systems, Inc., 510 U.S. 17, 22, 114 S. Ct. 367, 370-71 (1993); Whittaker, 424 F.3d at 645; Johnson v. Hondo, Inc., 125 F.3d 408, 415 (7th Cir. 1997).

Bilal has offered evidence of four instances of inappropriate behavior and one instance of potentially inappropriate behavior (the invitation to the marathon) over 14 months. There is no magic number of incidents that can be used to determine when conduct is pervasive, and the severity of an action can make it actionable even if it is not pervasive. See Hostetler v. Quality Dining, Inc., 218 F.3d 798, 808 (7th Cir. 2000). However, the events described above are the type of stray, occasional comments and conduct that, though inappropriate, is insufficient to turn a workplace into a hellish environment such that Title VII's protections would be triggered. Saxton v. American Tel. & Tel. Co., 10 F.3d 526, 534-35 (7th Cir. 1993). Moreover, Bilal's own statements that Oury's actions did not interfere with her work performance reinforce the idea that the environment did not alter the terms and conditions of her employment. See Adusumilli v. City of Chicago, 164 F.3d 353, 361 (7th Cir. 1998). As a result, she cannot show that Rotec took an adverse employment action against her by exposing her to a hostile work environment.

*B. Termination of Employment*

With regard to the claim that she was terminated on the basis of her sex, Bilal has no direct evidence of unlawful animus, i.e., evidence that would show discrimination against her as a woman without inference or presumption. See Rhodes v. Illinois Dep't of Transp., 359 F.3d 498, 504 (7th Cir. 2004). Nor has she shown a "convincing mosaic" of circumstantial evidence pointing directly to discrimination. See Adams v. Wal-Mart Stores, Inc., 324 F.3d 935, 939 (7th Cir. 2003). Thus, to make out her prima facie case, Bilal must proceed via the indirect burden-shifting method of McDonnell-Douglas v. Green. 411 U.S. 792, 93 S. Ct. 1817 (1973). If she can establish the four elements of her prima facie case, the burden shifts to Rotec to set forth a legitimate nondiscriminatory reason for her termination. See, e.g., Whittaker v. Northern Illinois Univ., 424 F.3d 640, 647 (7th Cir. 2005). If they do so, she must demonstrate that the reason is more than merely unfounded; she must show that it is a pretext to cover up Rotec's true motives. See id.

In a case of sex discrimination, a prima facie showing consists of four elements. See id. Bilal easily satisfies the first and the third. As a woman, she is a member of a protected class, and the termination of her employment is the quintessential adverse employment action. See Farrell v. Butler Univ., 421 F.3d 609, 613 (7th Cir. 2005); Gawley v. Indiana Univ., 276 F.3d 301, 314 (7th Cir. 2001).

On the second and fourth elements, which require that she was meeting Rotec's legitimate expectations and that she was treated less favorably than similarly situated male employees, Bilal's showing falls flat. See Whittaker, 424 F.3d at 647. She asserts that she was meeting all of Rotec's legitimate expectations, yet she does not dispute that she had a run-in with Lombardo immediately before she was fired. Employers can legitimately expect their employees not to act combatively toward their supervisors, so her assertions do not stand up in the face of the undisputed facts of this case. Kahn v. U.S. Secretary of Labor, 64 F.3d 271, 279 (7th Cir. 1995).

Bilal does not even attempt to identify a similarly situated male employee who was insubordinate to his supervisor yet was not terminated. Without such a point of comparison, we can draw no reasoned conclusion that Rotec would treat a man differently than it treated Bilal. See Dandy v. United Parcel Serv., Inc., 388 F.3d 263, 274 (7th Cir. 2004). In sum, because Bilal cannot show all four elements of her prima facie case, no presumption of discriminatory animus arises for Rotec's actions.

Even if Bilal had been able to establish all four elements, Rotec has provided a legitimate business reason for terminating her employment. Insubordination to supervisors is a legitimate ground for terminating employment. Kahn, 64 F.3d at 279. Bilal does not dispute that the incident occurred; instead she seems to think that it did not justify termination. A pretext analysis does not call for us to substitute our

judgment for that of the employer. See Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000). All that a court can decide is whether there is an issue of fact that the employer in fact believed the reason was sufficient to warrant the action taken. See Ballance v. City of Springfield, 424 F.3d 614, 617 (7th Cir. 2005). Here, Bilal has offered no basis for us to doubt that the insubordination was the reason why she was fired. As a result, she has not demonstrated that it is a pretext for discrimination.

**II. State Law Claims**

The remaining three claims of Bilal's complaint are state law causes of action against Oury. Although the complaint does not specifically enumerate the basis for our exercise of jurisdiction over them, the only possibility is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The parties are not diverse; Bilal states that she is a citizen of Illinois and Oury testified at his deposition that he has lived in Illinois since 1972. Pl.'s Mot. to Compel, Exh. A, p. 67, ll. 6-20 (Doc. 46). Because we have granted summary judgment in Rotec's favor on Count I, there are no claims remaining over which we have original jurisdiction. We decline to exercise our supplemental jurisdiction over the state law claims, and they are accordingly dismissed. 28 U.S.C. § 1367(c)(3). This dismissal is without prejudice to their refiling in state court if Bilal so chooses. See 28 U.S.C. § 1367(d); Jinks v. Richland County, 538 U.S. 456, 462-63, 123 S. Ct. 1667, 1671 (2003) (noting that state limitations period is tolled during

pendency of federal suit if supplemental state claims are dismissed after dismissal of federal claims).

## CONCLUSION

Based on the foregoing analysis, Rotec's motion for summary judgment is granted as to Counts I. Counts III-V are dismissed pursuant to 28 U.S.C. § 1367(c).

Charles P. Kocoras
Chief Judge
United States District Court

Dated:    March 24, 2006